IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| HANNAH JACKSON on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LEE HOLLADAY, III; *et al*<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*  CASE NO. 1:25-cv-126<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1367, 1441, 1446; Family Educational Rights and Privacy Act, 20 U.S.C. § 1232(g) ("FERPA"); § 5 of the FEDERAL TRADE COMMISSION ACT, codified at 15 U.S.C. § 45; and 42 U.S.C. § 1983, Defendants Monroe Academy and Tabitha Webb hereby give notice of the removal of this case from the Circuit Court of Clarke County, Alabama, 16-CV- 2021-000004, to the United States District Court for the Southern District Of Alabama, Southern Division based on federal question and supplemental jurisdiction. This removal is filed with the unanimous consent of Defendants William Lee Holladay, III; Deborah Irby Holladay; Gregory Earl Corkren; David Webb Tutt; Thomas Michael Sisk; Tutt Educational Services, LLC; Educational Opportunities and Management, LLC; Jackson Academy, LLC; Suzanne Bailey; Judy Etheredge;[1] Pickens Academy; Branch White; The Lakeside School; Delaine D. Bennett; Rick Rainer;

---

[1] Marengo Academy dissolved in June 2019. (Attached as "Exhibit 1").

Abbeville Christian Academy**;** Meadowview Christian School; Pike Liberal Arts School; and Jeremy Mathews (collectively referred to as "Defendants") in accordance with 28 U.S.C. § 1446(b)(2)(C), excluding the consents of Defendant William Richard Carter, Jr. and Defendant Integra Ventures, LLC c/o Keith Womack and Janet Womack ("Integra Ventures, LLC"). The grounds for removal of this lawsuit to this Court are as follows:

### Procedural Posture

1. On April 16, 2021, Plaintiff filed her Complaint in the Circuit Court of Barbour County. (Complaint, attached as "Exhibit 2"). Defendants Monroe Academy and Tabitha Webb's predecessors successfully requested the Circuit Court of Barbour County to transfer venue to the Circuit Court of Clarke County, bearing Civil Action Number 16-CV- 2021-000004. (Attached as "Exhibit 3").

2. This action arises out of an alleged identity theft scheme involving the wrongful enrollment of students in Alabama virtual schools to defraud the Alabama State Department of Education ("ALSDE"). Plaintiff alleges that Defendants used incentives like laptops, money, and other resources to induce private schools to supply them with students' personal information. Plaintiff further alleges that through the wrongful enrollment of students, Defendants stole the personal information of students and funneled funding from the ALSDE into their own pockets via private shell companies. (Eighth Amended Complaint, attached as "Exhibit 4" Doc. 1100).

3. Through multiple amendments to her Complaint, Plaintiff added parties, including both Plaintiffs and Defendants. (*See* Amended Complaints, attached as "Exhibit 5").

4.      Defendants Monroe Academy and its former counselor Tabitha Webb were first named in the Eighth Amended Complaint, filed on February 25, 2025. (Exh. 4).

5.      In the Eighth Amended Complaint, Plaintiff asserted claims against Defendants for violation of Plaintiff's constitutional right to privacy under 42 U.S.C. § 1983 (Count I); invasion of privacy (Count II); negligence (Count III); wantonness (Count IV); civil conspiracy (Count V); and breach of fiduciary duty (Count VI). (*See id.*).

6.      Defendants Monroe Academy and Tabitha Webb accepted service of the Summons and Eighth Amended Complaint on March 3, 2025.[2] (Return of Service, attached as "Exhibit 6").

7.      Defendants Monroe Academy and Tabitha Webb have secured consent to removal of all Defendants, less Defendants William Richard Carter, Jr. and Integra Ventures, LLC. (Signed Consents, attached as "Exhibit 7").

## Propriety of Removal

8.      This action is removable pursuant to 28 U.S.C. § 1441(a) which states that removal is appropriate in "any civil action brought in a State Court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction over this matter under 28 U.S.C. § 1331 because this is a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

---

[2] The return of service has not been posted on Alacourt at this time. Defendants reserve the right to supplement this Notice of Removal once the return of service has been posted to Alacourt.

9. The United States District Court for the Southern District of Alabama, Southern Division, encompasses the county in which the state court action is now pending, thus this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(c)(2) and 28 U.S.C. § 1441(a).

10. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other papers served on or received by Defendants are attached hereto as "Exhibit 8" along with the Alabama SGIS Case Detail Report. These Defendants are aware of 1,191 documents that were previously filed in the State Court action which can be provided to this Court in a supplemental Notice of Filing if the Court so desires. The Circuit Clerk of Clarke County, Alabama has been notified of this removal.

## Removal is Timely

11. Section 1446 of the U.S. Code governs the procedure for removal and provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…" 28 U.S.C. § 1446(b)(1). Defendants Monroe Academy and Tabitha Webb were served with the Eighth Complaint on March 3, 2025; this Notice of Removal is filed within thirty (30) days of service of the Complaint on Defendants Monroe Academy and Tabitha Webb.

12. Furthermore, 28 U.S.C. § 1446(b)(2)(C) provides that when a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal "even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

**Consent by Defendants**

13. 28 U.S.C. § 1446(b)(2)(A) codifies the rule of unanimity for removal to federal court and states that when a civil action is removed solely under federal question jurisdiction, 28 U.S.C. § 1441(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Courts have interpreted this to mean that each defendant must either sign the notice of removal or explicitly state their consent on the record within the 30-day removal period. *See White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1299 (N.D. Fla. 2004).

14. Here, all Defendants have consented to removal of this case from the Circuit Court of Clarke County to the United States District Court for the Southern District Of Alabama, Southern Division, except for Defendants William Richard Carter, Jr. and Integra Ventures, LLC. (Exh. 7).

15. Defendant William Richard Carter, Jr. is currently incarcerated at Montgomery FPC and will not be released until October 28, 2026. (Federal Bureau of Prisons Inmate Locator, attached as "Exhibit 9").

16. Defendant William Richard Carter, Jr.'s criminal counsel, Kepler Funk, is not licensed to practice law in the State of Alabama but has mailed a copy of the Consent form by certified mail and requested Defendant William Richard Carter, Jr. to execute the form and return to Defendants. (Proof of Mailing, attached as "Exhibit 10").

17. Defendants have been unable to confirm whether Integra Ventures, LLC was properly served with the summons and complaint. (Tracking, attached as "Exhibit 11"). The date of service on Integra Ventures, LLC is unknown. However, Defendants have

3163871.1

made a good faith effort in its attempt to locate Keith Womack, the registered agent of Integra Ventures, LLC, and Janet Womack to obtain the consent and verify service of Integra Ventures, LLC through the research of its private investigator licensed in the State of Alabama, Mary Shoulders. (Affidavit of Mary M. Shoulders, attached as "Exhibit 12").

18. If one co-defendant's consent is absent, the removal is generally considered procedurally defective, unless the removing defendant provides a valid explanation for the lack of consent, such as the co-defendant being a nominal party, fraudulently joined, or not properly served at the time of removal. 28 U.S.C. § 1446; *see also Yount v. Shashek,* 472 F. Supp. 2d 1055 (S.D. Ill. 2006). The rule of unanimity applies even when a defendant is incarcerated, but courts will allow removal when the removing defendant explains the absence of the co-defendant's consent in the notice of removal. *See Yount v. Shashek,* 472 F. Supp. 2d 1055, 1060 (S.D. Ill. 2006) (requiring an "affirmative explanation" for the lack of consent to removal).

19. Defendants request this Court to grant Defendants' Motion to Extend Deadline by thirty (30) days until May 2, 2025, to permit receipt of Defendant William Richard Carter, Jr.'s consent to removal as required by 28 U.S.C. § 1446(b)(2)(A-B) and to locate and obtain the consent of Defendant Integra Ventures, LLC. A separate Motion to Extend has been filed herewith.

**Federal Question Jurisdiction Exists**

20. The "well-pleaded complaint" rule marks the boundaries of the federal question jurisdiction of the federal district courts. *Metropolitan Life Ins. Co. v. Taylor,* 481 U. S. 58, 63 (1987). Under this "well-pleaded complaint" rule, "a cause of action arises

under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Id.* When a cause of action is created by state law, federal question jurisdiction may still exist if the claim "turns on substantial questions of federal law." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 312 (2005). As set forth in *Grable,* the question is does the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

21. The Eighth Amended Complaint states a claim governed by and arising under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232(g) implemented by 34 CFR Part 99 ("FERPA"). (Exh. 4 at 22, ¶¶ 115—116). Plaintiff asserts that Defendants owed Plaintiff a duty of protection from identity theft under FERPA which requires the unauthorized disclosure of education records without student's consent. *See Kendrick v. Advertiser Co.,* 213 So. 3d 573, 575 (Ala. 2016).

22. The Eighth Amended Complaint states a claim governed by and arising under § 5 of the FEDERAL TRADE COMMISSION ACT, codified at 15 U.S.C. § 45 which prohibits "unfair . . . practices in or affecting commerce" and extends to protecting confidential data. (Exh. 4 at 22, ¶ 117).

23. The Eighth Amended Complaint states a claim governed by and arising under 42 U.S.C. § 1983, the Constitutional Right to Privacy. (Ex. 2 at 28, COUNT I). Plaintiff asserts that Defendants violated both the Takings Clause and the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States because

Defendants were "state actors" that acted under the color of state authority. (Exh. 4 at 28, ¶153).

## Supplemental Jurisdiction

24. This Court also possesses supplemental jurisdiction over the remaining state law claims in the Eighth Amended Complaint, pursuant to 28 U.S.C. § 1367, in that such state law claims are so related to the claims in this action within this Court's original jurisdiction that they form part of the same case or controversy.

## Prerequisites for Removal Have Been Satisfied

25. As set forth above, this Notice of Removal has been filed within thirty (30) days of service on these Defendants Monroe Academy and Tabitha Webb and is based upon federal question and supplemental jurisdiction.

26. A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Clarke County, Alabama.

27. A consent form has been mailed to incarcerated Defendant William Richard Carter, Jr., and with this Notice of Removal, Defendants requests this Court to enter an Order granting its Motion to Extend deadline to obtain Defendant William Richard Carter, Jr.'s consent to removal and to locate and obtain the consent of Defendant Integra Ventures, LLC to ensure unanimity of all Defendants as required by 28 U.S.C. § 1446(b)(2)(A).

28. Apart from the consent of incarcerated Defendant William Richard Carter, Jr. and Integra Ventures, LLC, all prerequisites for removal under 28 U.S.C. § 1441 have been satisfied.

29. Defendants Monroe Academy and Tabitha Webb reserves all defenses.

30. If any question arises as to the propriety of the removal of this action, Defendants Monroe Academy and Tabitha Webb request the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, Defendants Monroe Academy and Tabitha Webb, desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the county in which said action is pending, pray that the filing of this Notice of Removal with the Clerk of the Circuit Court of Clarke County, Alabama shall affect a removal of said suit to this Court.

Respectfully submitted on this the 1st day of April, 2025.

/s/M. Warren Butler

M. WARREN BUTLER (BUT021)
STARNES DAVIS FLORIE LLP
11 North Water Street, Suite 20290
Mobile, Alabama 36602
Phone: (251) 433-6049
wbutler@starneslaw.com
*Attorney for Defendants Monroe Academy, Tabitha Webb, Pike Liberal Arts School, & Jeremy Mathews*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via CM/ECF and via email this April 1, 2025, as follows:

***Attorney for Plaintiff & Putative Class***
Eric J. Artrip (ART001)
MASTANDO & ARTRIP, LLC
301 Holmes Ave NE, Suite 100
Huntsville, Alabama 35801
Telephone:   (256) 532-2222
atrip@mastandoartrip.com

***Attorney for Plaintiff & Putative Class***
Will League (LEA013)
TIMBERLAKE & LEAGUE, P.C.
125 Holmes Ave., NW
Huntsville, AL 35801
Telephone:   (256) 536-0770
league@law-injury.com

***Abbeville Christian Academy***
Rodney Dalton
The Dalton Firm LLC
111 S. Doswell St
Abbeville, AL 36310
rodney@thedaltonfirm.com

***Meadowview Christian School,*** *Pro Se*
1512 Old Orrville Rd,
Selma, Alabama 36701

***Pickens Academy & Branch White***
Wilson F. Greene
Wilson Green Law, LLC
301 19th St N Ste. 525,
Birmingham, AL 35233
wilson@wilsongreenlaw.com

***Delaine D. Bennett****, **Rick Rainer, & The Lakeside School***
Halron W. Turner

Edward T. Turner
Turner, Onderdonk, Kimbrough & Howell, P.A.
13212 Central Ave
Chatom, AL 36518
hwt@tokh.com
ett@tokh.com

***Integra Ventures LLC, c/o Keith Womack & Janet Womack,*** *Pro Se*
329 Stephens Valley Blvd
Nashville, TN 37221

***Judy Etheredge****, **Marengo Academy (dissolved)***, ***Tutt Educational Services, LLC c/o David Tutt, & David Webb Tutt***
Woodford W. Dinning, Jr.
Lloyd & Dinning, LLC
501 North Walnut Avenue
Demopolis, Alabama 36732-2037
wwdjr@ldllc.com

***Suzanne Bailey*** *&* ***Jackson Academy, LLC***
John G. Smith
Balch & Bingham, LLP
105 Tallapoosa St., Ste. 200
Montgomery AL 36104
jgsmith@balch.com

Lewis C. Anderson
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203
canderson@balch.com

***Thomas Michael Sisk***
Daryl Drinkard
Wilson, Drinkard & Drinkard LLC
103 Court Street
Grove Hill, AL 36451
wddlaw@wddlawoffices.com

***Greg E. Corkren & Educational & Opportunities & Management, LLC***
Maxwell H. Pulliam
301 19th Street N, Suite 519,
Birmingham, AL 35203

11

3163871.1

max@mpulliam.com

***William Richard Carter, Jr.,*** *Pro Se*
15829 Estate Dr.
Athens, AL 35613

***Deborah Irby Holladay***
Taffi S. Stewart
Michael L. Bendall
Lloyd, Gray, Whitehead, Monroe
880 Montclair Road, Suite 100
Birmingham, AL 35213
tstewart@lgwmlaw.com
lbendall@lgwmlaw.com

***William Lee Holladay, III***
James C. Brakefield
Jackson Fikes Hood and Brakefield
1815 3rd Ave
Jasper, AL 35501
jbrakefield@jacksonadnfikes.com


                                    */s/ M. Warren Butler*
                                    M. WARRREN BUTLER (BUT021)

12

3163871.1